UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

JAMES C. JONES, #34803                                                          PLAINTIFF

VERSUS                                        CIVIL ACTION NO.  4:11-cv-46-CWR-FKB

UNKNOWN HEORNS, et al.                                                        DEFENDANTS

<u>MEMORANDUM OPINION</u>

Plaintiff Jones, an inmate of the Mississippi Department of Corrections (MDOC), currently incarcerated in the South Mississippi Correctional Institution, filed this *pro se* Complaint pursuant to 42 U.S.C. § 1983.  The named defendants are Unknown Heorns, Case Manager at East Mississippi Correctional Facility (EMCF); Eddie Case, Associate Director of Offender Services at EMCF; Bart Grimes, Warden at EMCF; Robert Gillispie, Warden at EMCF; Dale Caskey, Warden at EMCF; and Joyce Gram, Case Manager at EMCF.[1]  After liberal review of Plaintiff's Complaint and Responses [10, 13], the Court has reached the following conclusions.[2]

Plaintiff was found guilty of a  rule violation report (RVR), on March 10, 2009,  when he was housed at the East Mississippi Correctional Facility.  Plaintiff claims that at his biannual reclassification review on April 8, 2009, this RVR was cited as a reason to lower his custody classification level.  Plaintiff complains that the severity of the offense in the RVR was not properly determined by the classification committee, thus resulting in a lower classification level

---

[1]In Plaintiff's Response [10], he clarifies that the defendant named in the original Complaint as Unknown Grimes should be Joyce Gram.  The Clerk is directed to edit the docket accordingly.

[2]In an effort to discern Plaintiff's claims, the Court entered two Orders [7, 12] on two separate occasions. The first Order directed Plaintiff to file a written response to provide specific information regarding his claims. After Plaintiff filed his response [10], the second Order was entered directing Plaintiff to clarify the relief he is requesting in this case.  Plaintiff filed a Response [13] wherein he referred the Court to the attachments to his Complaint, specifically to the relief requested in the grievance form he submitted to the administrative remedy program.

than he deserves.  Plaintiff alleges that as a result "this situation has hindered [him] from moving forward and [ ] having a[n] opportunity to further rehabilitate himself at other institutions . . . and [it] has been a prejudicial objective against [him] each time [he] appear[s] before anyone . . . that does classification."  Resp. [10], at 4.  Plaintiff also complains that the responses to his prison grievance regarding this issue were a "conspiracy" of "false allegations" in violation of MDOC policy and procedure.  *Id.* at 5.  As relief, Plaintiff is requesting the investigation of classification personnel and his immediate reclassification.  *See* Compl. [1], p.11;  Resp. [13].

## I.  Analysis

The Prison Litigation Reform Act, 28 U.S.C. § 1915(e)(2) (as amended), applies to prisoner proceedings *in forma pauperis* and provides  that "the court shall dismiss the case at any time if the court determines that . . .(B) the action or appeal --  (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  The Court has permitted the Plaintiff to proceed *in forma pauperis*[3] in this action;  therefore his Complaint is subject to *sua sponte* dismissal pursuant to 28 U.S.C. § 1915(e)(2).

In order to have a viable claim under 42 U.S.C. § 1983 the Plaintiff must allege that he was deprived of a right secured by the Constitution or the laws of the United States.  *West v. Atkins*, 487 U.S. 42, 48 (1988); *Resident Council of Allen Parkway Village v. United States Dep't of Hous. & Urban Dev.*, 980 F.2d 1043, 1050 (5th Cir.), *cert. denied*, 510 U.S. 820 (1993).  Initially, the Court notes that an inmate does not have a constitutional right to receive a certain custodial classification while incarcerated or a right to serve a sentence in any particular

---

[3]Plaintiff was granted permission to proceed *in forma pauperis* on April 18, 2011.

2

institution.  *Olim v. Wakinekona*, 461 U.S. 238, 249-50 (1983);  *Meacham v. Fano*, 427 U.S. 215 (1976);  *Tighe v. Wall*, 100 F.3d 41, 42 (5th Cir.1996)(inmate does not have a constitutionally protected interest in a specific facility or work assignment);  *Neals v. Norwood*, 59 F.3d 530, 533 (5th Cir.1995).  Nor does a prisoner "have any constitutional interest in education or rehabilitation programs provided by the prison."  *Adams v. Epps*, 334 Fed. App'x 688, 689 (5th Cir. 2009)(citing *Esparza v. Deputy*, No. 93-8665, 1994 WL 122158 (5th Cir. Mar. 25, 1994)).

At best, Plaintiff is asserting that his reclassification violated his constitutional rights under the Due Process Clause.  To invoke the protections of the Due Process Clause, Plaintiff must have a protected liberty interest at stake.  A constitutionally protected liberty interest is "limited to freedom from restraint which . . . imposes atypical and significant hardships on the inmate in relation to the ordinary incidents of prison life."  *Sandin v. Conner*, 515 U.S. 472, 484 (1995). The United States Court of Appeals for the Fifth Circuit, applying *Sandin* has held that "administrative segregation, without more, simply does not constitute a deprivation of a constitutionally cognizable liberty interest."  *Pichardo v. Kinker*, 73 F.3d 612, 613 (5th Cir. 1996)(quoting *Luken v. Scott*, 71 F.3d 192, 193 (5th Cir.1995)).  The protections afforded by the Due Process Clause do not extend to "every change in the conditions of confinement" which are adverse to a prisoner.  *Madison v. Parker*, 104 F.3d 765, 767-68 (5th Cir. 1997) (inmate's 30 day commissary and cell restrictions as punishment do not present the type of atypical, significant deprivation in which a state might create a liberty interest); *King v. Sims*, No. 2:07cv136-MTP, 2009 WL 2497154, at * 5 (Aug. 14, 2009) (reclassification, reassignment and loss of canteen, phone and visitation privileges did not constitute a violation of plaintiff's constitutional rights); *see also Sharp v. Anderson*, No. 99-60676, 2000 WL 960568, *1 (5th Cir. 2000)(inmate's claim

3

that he was kept in administrative segregation for 112 days after he was found not guilty of a disciplinary charge did not implicate the protections of the due process clause).  Furthermore, the classification of prisoners in certain custody levels is well within the broad discretion of prison officials and should be "free from judicial intervention."  *McCord v. Maggio*, 910 F.2d 1248, 1250-51 (5th Cir.1990)(citations omitted).  In sum, the Plaintiff does not have a constitutionally protected right to a certain classification level while in prison.

To the extent Plaintiff is asserting that MDOC policy and procedure was violated by the RVR, resulting reclassification, and the false responses to his grievances, this allegation, without more, simply does not rise to a level of constitutional deprivation.  *Jones v. Hudnell*, 210 Fed. App'x 427, 428 (5th Cir. 2006) (citing *Hernandez v. Estelle*, 788 F.2d 1154, 1158 (5th Cir 1986)) ("A violation of prison regulations, without more, does not give rise to a federal constitutional violation."); *see also Geiger v. Jowers,* 404 F.3d 371, 373-74 (5th Cir. 2005)(inmate does not have a federally protected liberty interest in having prison grievances resolved to his satisfaction).  Furthermore, to the extent Plaintiff is asserting that the responses to his grievances establish a claim of conspiracy, he is not entitled to relief.  *See Farr v. Rodriguez*, 255 Fed. App'x 925, 926 n. 1 (5th Cir. 2007)("In the absence of a claim establishing a due process violation, the district court correctly dismissed Farr's claim that prison officials conspired to violate his rights.");  *Villanueva v. McInnis*, 723 F.2d 414, 418 (5th Cir. 1984)(requiring actual deprivation of constitutional right for conspiracy claim under § 1983).

## II.  Conclusion

As explained above, the Plaintiff's placement in a custody level different from what he would choose for himself, does not amount to a constitutional deprivation.  Therefore, this case

4

is dismissed as legally frivolous, pursuant to 28 U.S.C. § 1915 (e)(2)(B)(i), with prejudice. *See Pichardo,* 73 F.3d at 613 (affirming frivolous dismissal of § 1983 suit arising out of classification level);  *see also Farr v. Rodriguez*, 255 Fed. App'x 925 (5th Cir. 2007)(affirming frivolous dismissal of § 1983 suit arising out of classification as a gang-member);  *Sharp v. Anderson*, No. 99-60676, 2000 WL 960568, at *1 (5th Cir. 2000)(dismissed appeal as frivolous of § 1983 suit regarding disciplinary violation and resulting placement in segregation).

Since this case is dismissed pursuant to the above-mentioned provision of the Prison Litigation Reform Act, it will be counted as a "strike."[4]  If  the Plaintiff receives "three strikes" he will be denied *in forma pauperis* status and required to pay the full filing fee to file a civil action or appeal.

A Final Judgment will be entered in accordance with this Memorandum Opinion.

SO ORDERED this the 9th day of November, 2011.

s/Carlton W. Reeves
UNITED STATES DISTRICT JUDGE

---

[4]28 U.S.C. § 1915(g) states "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."